**Concurring opinion issued August 16, 2012**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NOS. 01-10-00176-CR**
**01-10-00177-CR**

———————————

**STEVEN CECEILIO TORRES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1246750 & 1246751**

## CONCURRING OPINION

I agree that the trial court's judgments should be affirmed. Unlike the majority, however, I would hold that Torres has waived his first issue, in which he contends trial court denied him due process of law in erroneously denying his

request for a jury charge on murder, rather than capital murder. I question whether the charges in these cases are correct. Accordingly, I concur in this Court's judgments.

Torres's trial complaint was that because the indictments only charged him with murder, not capital murder for remuneration, the trial court erred in denying his requested jury charges on murder:

> The Defendant submits that the State's indictments herein, in effect, allege that the manner and means whereby Defendant caused the death of Jose Perez was by 1) employing either Peter Quintanilla or Michael Belmarez, for remuneration of the promise of remuneration (money), and 2) by shooting Jose Perez with a deadly weapon, namely, a firearm. The indictments, however, do not allege what Quintanilla or Belmarez were to do after being employed by the Defendant. For example, were they to be look-outs, were they to lure Perez to his death, or were they to be get-a-way drivers? Neither indictment alleges conduct on the part of either Quintanilla or Belmarez other than a passive employment relationship with the Defendant. What the indictments do allege, in a common sense reading is that the Defendant caused the death of Jose Perez by the Defendant shooting Perez with a deadly weapon namely a Firearm.

On appeal, Torres cites to one case that he claims contained a similarly erroneous capital-murder charge. *Robinson v. State*, 266 S.W.3d 8, 10–13 (Tex. App.—Houston [1st Dist.] 2008, pet. ref'd). The charge in *Robinson* instructed the jury as follows:

> Now, if you find from the evidence beyond a reasonable doubt that in Harris County, Texas, on or about the 5th day of September 1991, the defendant, Ronald Robinson, did then and there unlawfully, intentionally or knowingly cause the death of Jimmy Sims, by

2

employing Robert Mason for remuneration or the promise of remuneration, to-wit: money and/or a firearm, to shoot Jimmy Sims with a deadly weapon, namely, a firearm; or

If you find from the evidence beyond a reasonable doubt that the defendant, Ronald Robinson and Robert Mason entered into an agreement to commit the felony offense of aggravated assault of Jimmy Sims, and pursuant to that agreement, if any, they did carry out their conspiracy and that in Harris County, Texas, on or about the 5th day of September 1991, while in the course of committing such aggravated assault of Jimmy Sims, Robert Mason intentionally caused the death of Jimmy Sims by shooting Jimmy Sims with a deadly weapon, namely, a firearm, and the murder of Jimmy Sims was committed in furtherance of the conspiracy and was an offense that the defendant should have anticipated as a result of carrying out the conspiracy, then you will find the defendant guilty of capital murder, as charged in the indictment.

*Id.* at 11. We reversed because the second paragraph did not require the jury to find an aggravating factor that properly charged the defendant with capital murder. *Id.* at 15.

Torres does not discuss on appeal the first paragraph of the *Robinson* charge, which included the appropriate aggravating factor, and differs substantively only that *Robinson* used the words "to shoot [the victim]" after the phrase "for remuneration or the promise of remuneration, to-wit, money" whereas the charges in these appeals use the words "by shooting [the victim]." *Id.* at 11.

3

In his brief Torres contends that "[t]his case is similar to *Robinson*."  I disagree.  The first paragraph of the *Robinson* charge was a correct capital-murder charge and has no applicability here.

Torres neither makes any substantive argument nor cites any authority applying to similar situations for why using the words "by shooting [the victim]" instead of the words "to shoot [the victim]" mandated that the trial court submit a jury charge on murder, rather than capital murder.  Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief contain "clear and concise argument for the contentions made" and "appropriate citations to authorities."  *See Tong v. State*, 25 S.W.3d 707, 710 (Tex. Crim. App.  2000).  Such briefing is absent in these cases, and I would decline to construct the appellant's arguments for him.

The question that Torres is not asking is whether the trial court improperly charged him on capital murder. I understand that Torres wants to be charged for murder under the indictments so he can argue that he did not personally cause the Perez's death by shooting Perez with a firearm. But the fact that this Court affirms the judgments should not give any comfort to those who might try to argue that the charges in these cases are correct. At best, the charges—and the indictments as well—are confusing as to who shot whom. My judgment as to whether this confusion rises to the level of reversible error must await a case in which it was preserved.

Jim Sharp
Justice

Panel consists of Justices Keyes, Bland, and Sharp.

Justice Sharp, concurring.

Publish. TEX. R. APP. P. 47.2(b).

5